UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

SEAN AUSTIN PERRY,

    Petitioner,

v.

WARDEN/RRM DETROIT, and
UNITED STATES OF AMERICA,

    Respondents.
_____/

Civil No. 5:22-cv-11717

Hon. Jonathan J.C. Grey
United States District Judge

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND DENYING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

**I.**

Federal inmate Sean Austin Perry ("Petitioner"), formally incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he should be released from federal custody due to time credits he allegedly earned under the First Step Act. *See* Public Law No. 115-391, 132 Stat. 5195 (enacted on Dec. 21, 2018). Petitioner filed the instant petition on July 26, 2022. On September 29,

2022, Respondents filed a motion to dismiss the habeas petition on the basis that Petitioner failed to exhaust all administrative remedies.

The Court concludes that Petitioner has failed to exhaust his administrative remedies, therefore, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**.

## II.

In 2018, Petitioner pleaded guilty to three counts of being a felon in possession of a firearm and multiple supervised-release violations before Eastern District of Michigan Judge Denise Page Hood. (ECF No. 7-2.) For the felon-in-possession offenses, the Court sentenced him to 57 months in prison, followed by three years of supervised release. As to the supervised release violations, Petitioner received a consecutive 14-month sentence with no additional supervised release.

Petitioner was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin until he was placed on home confinement under the supervision of the Detroit Residential Reentry Management field office. Petitioner is now serving his three-year term of supervised release as of February 2, 2023. *See* Inmate Profile, Bureau of Prisons ("BOP") Prisoner Locator, https://www.bop.gov/inmateloc. Before the Court is Petitioner's

§ 2241 habeas petition that challenges the calculation of credits under the First Step Act and claims that his credits should reduce his remaining time on supervised release. However, by his own admission, Petitioner did not fully exhaust his administrative remedies before filing the petition.

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). If "a prisoner believes that his sentence is improperly computed because he has been unfairly denied credit toward the sentence imposed, he must pursue administrative review of that computation with the BOP prior to seeking habeas relief under § 2241." *Hedges v. United States Marshals Serv.*, No. 22-294, 2022 WL 17177630, at *2 (E.D. Ky. Nov. 23, 2022).

The Bureau of Prisons has a multi-tiered administrative remedy program. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the

3

prisoner is not satisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner can file a BP-11 Form to appeal to the General Counsel at the Central Office, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

Petitioner did not complete this administrative remedy process.[1] Instead, Petitioner asserts that he is exempt from the exhaustion requirement because he was not incarcerated but on home confinement when he filed his petition. The Court rejects this argument. 28 C.F.R. § 542.10 states that the administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement." Because Petitioner's home confinement was being supervised by the Detroit Residential Reentry Management field office at the time he filed this petition, he falls under the second category—as an inmate designated to a contract Community Corrections

---

[1] Petitioner asserts that at most he has attempted to file a BP-9 form.

4

Center under the Bureau of Prisons' responsibility. Further, Petitioner's placement on supervised release does not change this analysis because the exhaustion requirement also extends to former inmates.

Therefore, the fact that Petitioner is no longer incarcerated does not relieve him of the requirement to exhaust his administrative remedies because the administrative remedy program applies to former prisoners like Petitioner for issues which arose during their confinement. *Covell v. Scibana*, 21 F. App'x 291, 293 (6th Cir. 2001) (citing 28 C.F.R. § 542.10). Because it is clear on the face of the petition that Petitioner failed to exhaust his administrative remedies, his petition shall be dismissed. *See Gates-Bey v. U.S. Parole Com'n*, 9 F. App'x 308, 310 (6th Cir. 2001).

### III.

Respondents' Motion to Dismiss is **GRANTED** and the Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner need not apply for one with this Court

5

or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Petitioner is **DENIED** leave to appeal *in forma pauperis* because any appeal would not be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

/s/ Jonathan J.C. Grey
Jonathan J.C. Grey
United States District Judge

Dated: August 4, 2023

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2023.

<u>s/</u> **S. Osorio**
**Sandra Osorio**